IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM L. SINDE,  )  <br>  )  <br>  Plaintiff,  )  <br>  )  <br>  v.  )  <br>  )  <br> ZION POLICE DEPARTMENT, *et al.,*  )  <br>  )  <br>  Defendants.  ) | Court No. 08 C 2743  <br><br> Judge Zagel  <br><br> Magistrate Judge Keys |

### DEFENDANT ILLINOIS CIRCUIT COURT'S
### RULE 12(b)(1) and 12(b)(6) MOTION TO DISMISS

Defendant, ILLINOIS CIRCUIT COURT, 19TH JUDICIAL CIRCUIT ("Defendant"), by its attorney, LISA MADIGAN, Illinois Attorney General, moves this Honorable Court to dismiss Plaintiff's claims against it pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. In support thereof, the Defendant states as follows:

### INTRODUCTION

Plaintiff filed a one page *pro se* Complaint against the Zion Police Department, the Lake County State's Attorney's Office, and the "State of Illinois Circuit Court, 19th Judicial Circuit" attempting to assert a myriad of claims under Section 1983. Plaintiff seeks damages against each defendant in the amount of one million dollars as well as an order expunging his "arrest record, photographs, and ballistics in total." (*See* Complaint). As explained below, Plaintiff's claims against the Illinois Circuit Court, and any claims he may have against the State of Illinois, must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because Plaintiff's claims are barred by the Eleventh

1

Amendment. In addition, Plaintiff's claims must also be dismissed pursuant to Rule 12(b)(6) because neither the Illinois Circuit Court nor the State of Illinois are "persons" subject to suit under Section 1983.

## STANDARD FOR MOTION TO DISMISS

When considering a motion to dismiss, the court takes the allegations in the complaint as true, viewing all facts-as well as any inferences reasonably drawn therefrom-in the light most favorable to the plaintiff. *Patel v. City of Chicago,* 383 F.3d 569, 572 (7th Cir. 2004). To state a claim under federal notice pleading standards, a complaint must set for a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Under federal notice pleading standards, a complaint must describe a claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and its allegations must plausibly suggest that the plaintiff has a right to relief. *See Tamayo v. Blagojevich,* __F.3d ___, 2008 WL 2168638 at *7 (7th Cir. 2008) (quoting *Equal Employment Opportunity Commision v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir 2007)). In ruling on a motion to dismiss, courts must accept as true all well-pled allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff. *Jacobs v. City of Chicago*, 215 F.3d 758, 765 (7th Cir. 2000). However, the court is not constrained by the legal characterizations placed on those allegations by the plaintiff. *Republic Steel Corp. v. Penn. Engineering Corp.*, 785 F. 2d 174, 183 (7th Cir. 1986).

**ARGUMENT**

**A. Plaintiff's Claims are Barred by the Eleventh Amendment.**

Plaintiff has sued the "State of Illinois Circuit Court, 19th Judicial Circuit." Plaintiff's Complaint is unclear as to whether Plaintiff intends to sue both the Illinois Circuit Court and the State of Illinois or the Illinois Circuit Court alone. Nevertheless, Plaintiff's claims against either entity must fail because Plaintiff's claims are barred by the Eleventh Amendment. Absent consent of the State, a suit against the State or one of its agencies or departments is prohibited by the Eleventh Amendment. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781 (1978). Specifically, the Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XII. While the literal reading appears not to include suits by a citizen against the citizen's own state, case law has interpreted the Eleventh Amendment immunity to apply to all suits against a state, regardless of one's citizenship. *Pennhurst* at 100. This Eleventh Amendment bar to federal jurisdiction over a state and state agencies has been reaffirmed many times. See *e.g., Jensen v. State Board of Taz Commissioners of State of Indiana*, 763 F.2d 272, 276 (7th Cir. 1985) (suits against nonconsenting state or one of its agencies or departments are "clearly proscribed" by the Eleventh Amendment); *Moore v. State of Indiana*, 999 F.3d 1125, 1128 (7th Cir. 1993); *Nelson v. LaCrosse County Dist. Atty,* 301 F.3d 820, 827, n.7 (7th Cir. 2002). The only exception to Eleventh Amendment immunity is if the state consents to suit, or if Congress overrides the Eleventh Amendment by specifically and

unequivocally legislating under another constitutional grant of authority. See *Tennessee v. Lane,* 541 U.S. 509 (2004); *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976). Here, the State has not consented to suit and there has been no Congressional override. Therefore, both the Illinois Circuit Court and the State of Illinois are immune from suit and Plaintiff's claims against them must be dismissed.

**B.     Neither the Illinois Circuit Court Nor the State of Illinois are "Persons" Subject to Suit Under 42 U.S.C. § 1983.**

Plaintiff's claims against the Illinois Circuit Court and any claims against the State of Illinois must also be dismissed because neither the State of Illinois nor a state agency are "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 at 70-71 (1989); *Collier v. Illinois Dept. of Human Rights*, 221 F.3d 1338 (7th Cir. 2000); *Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141 (7th Cir. 1999). Therefore, Plaintiff's claims against the Illinois Circuit Court, as well as any claims Plaintiff may have against the State of Illinois, must be dismissed with prejudice.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant, ILLINOIS CIRCUIT COURT, 19TH JUDICIAL CIRCUIT respectfully requests that this Honorable Court grant its motion and dismiss Plaintiff's claims against it with prejudice and in their entirety.

June 3, 2008

LISA MADIGAN
Illinois Attorney General

Respectfully submitted,

/s/ Kathleen L. Ford
KATHLEEN L. FORD
Assistant Attorney General
General Law Bureau
100 W. Randolph St., 13th Fl.
Chicago, IL 60601
(312) 814-5160
kford@atg.state.il.us

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 3, 2008 I electronically filed the above document with the Clerk of the Court using the CM/ECF system.  I further certify that on the same date, a copy of the foregoing was mailed to Plaintiff, William L. Sinde, at the following address: 915 18th St., Zion, Illinois 60099.

                                                           /s/ Kathleen L. Ford