### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **William L. Sinde,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 08 C 2743** |
| | ) | |
| **CITY OF ZION, IL POLICE** | ) | |
| **DEPARTMENT, et al.** | ) | **Judge Zagel** |
| | ) | |
| | ) | **Magistrate Judge Keys** |
| **Defendants** | ) | |

### DEFENDANT STATE'S ATTORNEY'S OFFICE MOTION TO DISMISS

Now comes Defendant, Lake County State's Attorney's Office by and through MICHAEL J. WALLER, State's Attorney of Lake County, Illinois and by DANIEL JASICA and THOMAS ANGER, Assistant State's Attorneys for Lake County, and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), moves this Honorable Court to dismiss the complaint against the Defendant Lake County State's Attorney's Office and in support thereof states as follows:

1.  Introduction

On May 12, 2008, Plaintiff filed a Complaint in which he names, among other defendants, the Lake County State's Attorney's Office (SAO). In his one page *pro se* Complaint, Plaintiff attempts to assert a single charge of "conspiracy" against the SAO. Plaintiff attempts to couch his claim under 42 U.S.C. 1983. Plaintiff seeks three million dollars for the actions allegedly taken by the defendants and further requests that his "arrest record, photographs, and ballistics in total" be "expunged". (Complaint). In addition to his Complaint, Plaintiff has attached (presumably as exhibits) two orders

entered by a Lake County judge at the close of Plaintiff's trial. One order is the finding of Plaintiff not guilty at his criminal trial, and the other order orders the return of Plaintiff's weapons.

2. <u>Summary Of Facts Alleged By Plaintiff</u>.

Plaintiff alleges that on September 21, 2006, Defendant Zion Police Officers entered Plaintiff's home, arrested Plaintiff, and searched Plaintiff and his house. Plaintiff further alleges that his weapons were confiscated and that he was held "incommunicado" for several hours. (Complaint). Plaintiff denies he engaged in any illegal activity and concludes that Defendant police officers had no probable cause to believe that Plaintiff engaged in any illegal activity. (Complaint). Finally, Plaintiff alleges that all defendants "conspired" to *inter alia* "intimidate and terrorize" Plaintiff. (Complaint).

3. <u>Plaintiff's Complaint Against SAO Should Be Dismissed As Defendant SAO Is Immune From Liability Under The 11th Amendment to the United States Constitution</u>.

Plaintiff brings suit against the SAO as an agent of the State of Illinois. Plaintiff's Complaint can only be construed to bring suit against the SAO in that defendant's official capacity. Even if Plaintiff's complaint leaves some doubt as to whether the SAO is being sued in its individual or official capacity, courts have determined that if a complaint fails to specify whether the defendants are sued in their individual or official capacity, the suit is construed as one against the defendant in an official capacity. <u>Stevens v. Ulmsted</u>, 131 F. 3d. 697, 706 (7th Cir. 1997). The <u>Stevens</u> court also noted that "It is well established, of course, that any claim for damages under 42 U.S.C. § 1983 against state officials in their official capacities must be dismissed as barred by the Eleventh Amendment." <u>Id</u>. As such, the SAO is immune from suit under the 11th Amendment to the United States

Constitution. <u>Garcia v. City of Chicago, IL</u>, 24 F.3d 966 (7th Cir. 1994). Also see, <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989), "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity."

The State's Attorney must consent to being sued in its official capacity in federal court (which it unequivocally refuses to do) before jurisdiction can attach. Since the SAO was acting in its official capacity in charging and prosecuting Plaintiff, this Court lacks subject-matter jurisdiction over Defendant SAO (pursuant to Fed. R. Civ. P. 12(b)(1)). Thus, the case against that defendant should be dismissed from these proceedings.

3. <u>Plaintiff's Complaint Against SAO Should Be Dismissed For Failure To State A Claim Upon Which Relief May Be Granted As Defendant SAO Is Immune From Suit.</u>

Should this Court determine that Defendant SAO is not protected under 11th Amendment immunity, that defendant should be dismissed as Defendant SAO enjoys absolute immunity for actions taken in the prosecution of individuals arrested by the police. Specifically, the SAO is absolutely immune from liability for evaluating evidence and initiating a prosecution. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 96 S.Ct. 984 (1976). Also see, <u>Spiegel v. Rabinovitz</u>, 121 F. 3d 251 (7th Cir. 1997) and <u>Hunt v. Jaglowski</u>, 926 F. 2d 689 (7th Cir. 1991). Absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity... <u>Imbler</u>, 424 U.S. at 419 n. 13. Plaintiff's characterization of his lawful prosecution as the result, or part, of an alleged

3

conspiracy does not remove the absolute immunity enjoyed by the SAO.

Prosecutorial immunity was created in order to allow prosecutors to perform their duties without fear of reprisal or the consequences of unfounded litigation. Imbler, 424 U.S. at 423. In other words, prosecutorial immunity exists to protect prosecutors from the very type of suit that Plaintiff has filed. To rule that immunity here is not applicable would be to abrogate that protection simply because an arrested individual maintains a difference of opinion about the constitutionality of the government's actions, because he was dissatisfied that charges were brought and because he was prosecuted in accordance with the law. To deny immunity in response to Plaintiff's Complaint would be to eviscerate that protection.

Furthermore, in order for absolute immunity to transfer to qualified immunity, Plaintiff must detail how Defendant SAO stepped outside its role as prosecutor and engaged in activities not traditionally affiliated with prosecution. Hunt, 926 F. 2d at 692. Plaintiff fails here as his only claim is that of an unelaborated alleged conspiracy against the SAO as an entity. As Defendant SAO is immune from suit for prosecuting those arrested, Plaintiff's complaint against Defendant SAO should be dismissed with prejudice.

4.  Defendant SAO Should Be Dismissed From These Proceedings As The SAO Is Not A "Person" For Purposes Of Section 1983 Liability.

Plaintiff has clearly attempted to sue Defendant SAO in its official capacity, and seeks money damages under Section 1983. As argued above, Defendant SAO, when sued in its official capacity, is an agent of the State and is not a "person" for purposes of Section 1983 liability. Thus, Defendant SAO is immune from such Section 1983

4

liability.  Stevens, 131 F. 3d 697.  Also see, Johnson v. Supreme Court of Illinois, 165 F.3d 1140, 1141 (7th Cir. 1999), "...states and their agencies are not "persons" subject to suit under 42 U.S.C. § 1983".

5.  Conclusion

As Defendant SAO enjoys 11th Amendment protection, or alternatively because Defendant SAO is absolutely immune from suit for its lawful prosecution of Plaintiff, Defendant SAO should be dismissed from these proceedings.  While Plaintiff has claimed that defendants conspired against him, he has simply espoused his difference of opinion with the actions taken in his apprehension and prosecution.  Furthermore, has pointed to no facts that would allow him to survive a Fed. R. Civ. P. 12(b)(1) or 12(b)(6) motion.  Thus, Defendant SAO moves this Honorable Court to grant Defendant SAO's Motion to Dismiss.

WHEREFORE, Defendant SAO moves this Honorable Court to grant its Motion to Dismiss and provide any further and just relief to which Defendant SAO may have availed itself.

Respectfully submitted,

STATE'S ATTORNEY OF LAKE COUNTY
Defendant

MICHAEL J. WALLER
State's Attorney of Lake County

By:      s/Thomas Anger
Assistant States Attorney

5

Michael J. Waller
States Attorney of Lake County
Thomas Anger #6282443
Daniel Jasica #06237373
Assistant States Attorneys
18 N. County Street
Waukegan, IL 60085